IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV495-03-MU

| | |
|---|---|
| DAVID LEE CRUMP,   )<br>   )<br>    Petitioner,   )<br>   )<br>v.   )<br>   )<br>DIRECTOR BOYD BENNETT, et. al.,   )<br>   )<br>    Respondent.   )<br>_____)  | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, initially filed in the Eastern District of North Carolina on May 21, 2008 and transferred to this Court by Order dated October 21, 2008. (Document Nos. 1 and 12. )

Plaintiff provides a laundry list of unrelated concerns with various Department of Corrections policies and regulations in his Complaint. His list is made up of a series of complaints regarding living conditions and rules and policies he must follow as a prisoner in the state prison system. First, he complains that he has to pay taxes without his consent and that inmates are charged for room and board as well as bag lunches they receive when working outside the prison and for transportation to their work assignments. Plaintiff also complains that prisoners are charged disciplinary administrative fees. Next, Plaintiff complains that the case management staff at the prison is unqualified and the medical staff is ineffective. Plaintiff contends, without any specifics, that prisoners are generally sexually harassed by prison staff who are sexual predators. Plaintiff complains that prisoners are forced to pay for tobacco from the canteen and must pay high rates to use the telephones. Finally, Plaintiff complains that the North Carolina Prisoner Legal Services are

1

biased and discriminatory toward prisoners.

Plaintiff asks that the issues in his Complaint be investigated by ATF and the U.S. Department of Justice. Plaintiff also demands a jury trial and asks the Court to Order this action a class action.

First, the Court notes that it is not the role of the federal courts to occupy "the role of super wardens of state penal institutions," Cooper v. Riddle, 540 F.2d 731, 731 (4th Cir. 1976), and federal courts "do not sit to supervise state prisons." Meachum v. Fano, 427 U.S. 215, 229 (1976). While it is true that under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Additionally, although the Court must assume that factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . . law [] in ways that have not been alleged." Estate Constr. Co. V. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cri. 1994), quoting, Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Plaintiff's Complaint is conclusory and contains no factual support for his list of unrelated complaints concerning living conditions and rules and policies with which he disagrees. Moreover, such Complaint fails to state a claim for relief and must be dismissed.

In addition to his Complaint, Plaintiff also filed a motion to appoint counsel, motion to amend his Complaint, motion for certification of a class action, and motion for summary judgment. All of these pending motions are denied as moot given that the Court has determined that Plaintiff's

Complaint fails to state a claim for relief.

Plaintiff is on notice that the Court is aware that Plaintiff alleges that he suffers from paranoid schizophrenia[1] and is also aware of his frequent filings in the Federal Courts of North Carolina and the N.C. Industrial Commission and is advised that pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action under this statute, if on three or more occasions, he has brought an action or an appeal in the federal court hat was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]  28 U.S.C. § 1915(g).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint appears to be frivolous and in any event is DISMISSED for failure to state a claim for relief.  Plaintiff's motions for counsel, for class action status, for summary judgment and to amend are denied.

**SO ORDERED**.

Signed: December 1, 2008

Graham C. Mullen
United States District Judge

---

[1] See Case No. 3:05cv327, Doc. No. 17 at 2.

[2] Plaintiff has filed many lawsuits in federal court and in the N.C. Industrial Commission. He has had at least one lawsuit dismissed as frivolous.  (Crump v. Robertson, 1:05cv137 (M.D.N.C.).